Brian A. Kretsch, Esq., State Bar No. 159240
**LAW OFFICE OF BRIAN A. KRETSCH, A.P.C.**
810 Jamacha Road, Suite 202
El Cajon, CA 92019
(619) 696-6629
brikretsch@sbcglobal.net
Attorney for Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## Southern District of California

| | |
|---|---|
| In re | Case No. 21-01913-LT7 |
| SYDNEY L. NGUYEN & YUMI BUI, | Date: May 27, 2021<br>Time: 10:00 a.m. |
| Debtor. | Dept.: Three<br>Judge: HON. LAURA S. TAYLOR |

**TRUSTEE'S OPPOSITION TO DEBTOR'S EMERGENCY APPLICATION FOR AN ORDER ALLOWING DEBTOR'S TO CONTINUE OPERATING THEIR BUSINESS PENDING THE BANKRUPTCY ADMINISTRATION**

RONALD E. STADTMUELLER ("Trustee"), Chapter 7 Trustee in the above-referenced Chapter 7 case hereby respectfully submits his Opposition to Debtor's Emergency Application for an Order Allowing Debtor's to Continue Operating their Business Pending the Bankruptcy Administration ("Emergency Application") as follows:

**POINTS AND AUTHORITIES**

**I.    STATEMENT OF FACTS**

1.    On May 4, 2021, SYDNEY L. NGUYEN & YUMI BUI ("debtors") filed their Chapter 7 bankruptcy case under Title 11, U.S.C. and relief was ordered by the Court on the same date. The initial filing by the debtor's consisted of a "bare bones" 9 page filing including only the petition and list of creditors (Doc #1 on file herein). The initial petition does not reference any fictitious business names and specifically indicates at question 4 that the debtor's have not used any business name in the last 8 years.

1

2.  On May 4, 2021, the RONALD E. STADTMUELLER was duly appointed as Chapter 7 Trustee in debtor's Chapter 7 case and remains in that capacity.

3.  The Court subsequently issued the Notice of Debtor's Prior Filings on May 5, 2021. Said Notice indicated that the debtor's filed a Chapter 13 case No. 17-03520 on June 12, 2017, which Chapter 13 case was dismissed on April 8, 2021.

4.  The debtor's filed their balance of schedules and statements on May 18, 2021 (Doc. #12).

5.  The initial creditor's meeting is currently scheduled for June 10, 2021.

6.  The debtors' Emergency Application indicates that they wish to operate the proprietorship business known as "Saigon Noodles".

7.  The debtor's schedule B list of assets does not reference any business ownership or name. The debtors' Statement of Financial affairs at question 27 does reference a business known as "Saigon Noodles of La Jolla".

8.  The debtor's filed Schedule G answers "No" to the question: Do you have any executory contracts or unexpired leases? And the form has no lease creditors listed.

9.  The debtor's schedule B at question 22 indicates no security deposits with landlords.

10. The debtor's have listed a Wells Fargo business bank account with a balance of $200 and Wells Fargo "ck/sav" account with a balance of $1,025.00. The debtor's schedule C claims an exemption in the $1,025.

11. The Trustee has been contacted by Wells Fargo Bank and has been informed that the debtor's 3 bank account balances total $8,627.04 as of the date of bankruptcy filing.

12. The debtor does list "Fixture/Equipment in shop" on schedule B with a value of $2,000.00 and claims the same exempt on Schedule C. The debtor does not list any other business related property such as food or inventory.

13. The Trustee has been informed by counsel (Michael D. Breslauer, Esq.)for the debtor's business premises landlord that the debtor's business lease is delinquent in the amount of approximately $75,000.00. Counsel for the business premises landlord has also informed the Trustee that the landlord has not agreed to any terms or payment plan for lease arrears cure with the Debtor.

14. The Trustee has no intention of assuming the debtor's business premises lease.

15. The Trustee has not yet been provided with of the supporting documents required to comply with the Standing Trustee Administrative Guidelines. The documents were due May 18, 2021.

## II.    ARGUMENT

**The Debtor's Have No Right to Operate Their Business During the
Chapter 7 Bankruptcy Case and Are Required to Shut the Business Down**

A chapter 7 debtor is required by statute to cease operation of a business upon filing for bankruptcy. Nakhuda v. Mansdorf (In re Nakhuda 14-41156) (B.A.P. 9th Cir. 2015)(pg 5) (Unpublished)  A debtor has the affirmative duty to surrender all estate property and records to the chapter 7 trustee in accordance with 11 U.S.C. § 521(a)(4). Unauthorized continuing operation of a chapter 7 debtor-owned business and retention of control over its assets is absolutely inconsistent with this statutory mandate. Id. At pg 5.

"Further, the Code also makes clear that continued operation, if allowed at all, can only occur by (or in cooperation with) the chapter 7 trustee and only after approval by the bankruptcy court. See 11 U.S.C. § 721 ("The court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate.") (emphasis added).  Thus, "[u]nlike in a chapter 11 case, where the Code expressly authorizes the debtor to continue to operate its business, in a chapter 7 case, the bankruptcy court can authorize only the trustee, and not the debtor, to operate the debtor's business pursuant to section 721." 6 Collier on Bankruptcy ¶ 721.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012) (emphasis added)." Id. At pg 6.

In the instant case, the Trustee does not yet have the required supporting documents for this case and has not yet had the opportunity to question the debtor's under oath in the initial creditor's meeting. The schedules were just filed on May 18, 2021 (5 days ago) and the schedules appear to be inaccurate regarding several of the business related questions.

The debtor may be using/dissipating estate assets in the business operations and it appears that the debtor's are incurring additional business lease arrears.   The debtor does not appear to have any realistic means to cure the lease arrears.

3

The debtor's have attached a copy of a payment receipt to their emergency motion, showing that the debtor has paid State Farm Insurance Companies $622.00. There is no declarations page or other evidence of the nature or extent of the insurance coverage. The debtor's have not provided evidence of business liability coverage and workers compensation insurance.

The Trustee must properly evaluate the debtors' bankruptcy estate and administer the case in accordance with his duties and he must do so without the potential exposure to administrative rent expenses and other potential business related liabilities.

The debtor's should not be allowed to operate their business during this Chapter 7 case duration, or at least until the Trustee has had the opportunity to properly evaluate and administer the case as necessary.

**The Debtor's Emergency Application is Procedurally Defective**

Local Rule of Bankruptcy Procedure 9013-9 governing Emergency Motions requires a supporting declaration justifying the setting of a hearing on an emergency basis. The Emergency Application filed by the debtors does not have the required declaration and does not request a hearing. LBR 9013-9(b)(3). Furthermore, the motion is not signed by counsel for the debtor.

Local Rule of Bankruptcy Procedure 9013-9 further requires that an emergency motion is to be personally served. LBR 9013-9(b)(3). The Emergency Application was not personally served upon the Trustee[1].

WHEREFORE, Trustee, respectfully prays for an order as follows:

1. Denying the debtors' Emergency Application;
2. For attorney's fees and costs incurred in responding to this emergency motion;
3. For such other and further relief as this Court deems just and proper.

DATED: May 23, 2021              /s/Brian A. Kretsch
                                 Brian A. Kretsch
                                 Attorney for Trustee

---

[1] A Emergency Application for Order Allowing Debtors to Continue to Operate their Business is not a Motion which does not require Notice per LBR 9013-3.

4