TENTATIVE RULING

ISSUED BY JUDGE LAURA S. TAYLOR

Debtor:        Sydney L Nguyen & Yumi Bui

Number:        21-01913-LT7

Hearing:       10:00AM Thursday, May 27, 2021

Motion:        EMERGENCY APPLICATION OF DEBTORS FOR AN ORDER ALLOWING DEBTORS TO CONTINUE OPERATING THEIR BUSINESS PENDING THE BANKRUPTCY ADMINISTRATION FILED BY DANIEL J. WINFREE ON BEHALF OF SYDNEY L NGUYEN

Hear.

Given the current public health emergency, all hearings will be by VIDEO CONFERENCE. Personal attendance at the May 27, 2021, hearing in this matter is therefore excused. All interested parties are to appear by video. The public may freely monitor by telephone. Please contact the courtroom deputy at 619-557-5157 to make the necessary arrangements.[1]

The Court will hear argument, but is inclined to deny this Motion.

Debtors provided no authority to support their request for authorization to continue operation of their sole proprietorship in a chapter 7 case. And the law appears to be clearly to the contrary. In *Nakhuda v. Mansdorf, (In re Nakhuda),* the Bankruptcy Appellate Panel for the Ninth Circuit affirmed a bankruptcy court order requiring the debtor to cease operations of two laundromats. The Panel explained:

> A chapter 7 debtor is required by statute to cease operation of a business upon filing for bankruptcy. First, as discussed in more detail below, a debtor has the affirmative duty to surrender all estate property and records to the chapter 7 trustee. See 11 U.S.C. § 521(a)(4). Unauthorized continuing operation of a chapter 7 debtor-owned business and retention of control over its assets is absolutely inconsistent with this statutory mandate.

---

[1] In the event of any technical issues with the Zoom.gov application, we will utilize the AT&T Connect Tele-Conference as the back-up application for hearings. The dial-in information for AT&T Connect is as follows: Dial-In Number is 1-888-398-2342 and the Password is 9081287. Please use this call in only if instructed by the Court.

1

> Further, the Code also makes clear that continued operation, if allowed at all, can only occur by (or in cooperation with) the chapter 7 trustee and only after approval by the bankruptcy court.  See 11 U.S.C. § 721.

2015 WL 873566, at *2 (B.A.P. 9th Cir. Mar. 2, 2015).

This analysis appears to apply and control here.

Further, Debtors' landlord and the Chapter 7 Trustee raised numerous other practical reasons supporting that a cessation of operations of the business is appropriate.

The decision to operate or not appears to lie with the Trustee.  The Debtors must cooperate with him and provide all business-related information.  Only if the Trustee then elects to allow the business to continue, and only if the Court then approves, can this business continue in chapter 7.

Other chapters provide debtors with the latitude to retain control of assets; chapter 7 does not appear to do so.